UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
ELLIOTT GRAISER, :
: CASE NO. 1:14-CV-01641
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Docs. 1, 16]
VISIONWORKS OF AMERICA, INC., :
:
Defendant. :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Plaintiff Elliott Graiser seeks an injunction on behalf of a putative class against allegedly deceptive advertising by Defendant Visionworks of America, Inc. ("Visionworks").[1] He filed his complaint in the Court of Common Pleas of Cuyahoga County, and Visionworks removed to this Court on the basis of diversity jurisdiction.[2]

Plaintiff Graiser has filed a motion to remand the case to state court, suggesting that this Court's decision in *Neuman v. L'Oréal USA S/D, Inc.* requires remand.[3] Defendant Visionworks opposes this motion, arguing that *Neuman* is distinguishable, and therefore not controlling.[4] Although the Court agrees with Visionworks that *Neuman* does not control, the Court nonetheless concludes that Graiser lacks Article III standing to pursue his claim for an injunction in federal court. Accordingly, and for the following reasons, the Court **REMANDS** the case to the Court of Common

---

[1] Doc. 1-3.
[2] Doc. 1.
[3] Doc. 16.
[4] Doc. 21.

Case No. 1:14-CV-01641
Gwin, J.

Pleas of Cuyahoga County.

### I. Background

In his complaint, Graiser generally alleges that Visionworks's buy one get one free advertising campaign for eyeglasses was deceptive and violated Ohio consumer protection law.[5] Plaintiff Graiser says that Visionworks's use of the word "free" was impermissible because Visionworks "routinely offered a single pair of eyeglasses at a 'discounted price'" to customers who forgo the "free" pair.[6] And, he adds, to the degree that Visionworks attempted to limit its offer with disclaimers, those disclaimers were insufficiently clear and conspicuous to be effective.[7]

Plaintiff Graiser alleges that on April 30, 2014, he went to a Visionworks store in Beachwood, Ohio, to purchase eyeglasses.[8] While there, he saw a sign advertising Visionworks's buy one get one free sale.[9] Graiser says that the sign contained footnoted language including phrases such as "restrictions apply" or "See associate for details."[10] Graiser also alleges that Visionworks maintains similar advertisements online.[11]

When Graiser arrived at the Visionworks store, he was greeted by a salesman who reiterated the buy one get one free offer and quoted a price of $409.93.[12] After further inquiry, the salesman told Graiser that he could purchase one pair of eyeglasses for $245.95 if he gave up any claim for

---

[5] Doc. 1-3.
[6] *Id.* at 4.
[7] *Id.* at 5.
[8] *Id.* at 4.
[9] *Id.* at 4-5.
[10] *Id.* at 5.
[11] *Id.* at 3-4.
[12] *Id.* at 5.

Case No. 1:14-CV-01641
Gwin, J.

the "free" second pair.[13] Graiser did so.[14]

On June 24, 2014, Graiser filed a complaint in state court seeking an injunction under the Ohio Consumer Sales Practices Act.[15] He also sought to represent a state-wide class.[16] He disclaimed any intention of seeking damages.[17] On July 25, 2014, Defendant Visionworks removed the case to this Court on the basis of diversity jurisdiction.[18]

Plaintiff Graiser now says that the case should be remanded to state court based on this Court's decision in *Neuman v. L'Oréal USA S/D, Inc.*[19] Defendant Visionworks responds that *Neuman* does not control because, unlike the plaintiff in that case, Graiser has not disclaimed an intention to purchase the product again.[20] Although other motions are also pending,[21] the Court's lack of jurisdiction means that these motions are more properly presented to and resolved by the state court on remand.

## II. Legal Standard

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'"[22] A defendant may remove a civil action

---

[13] *Id.*
[14] *Id.* at 5, 20.
[15] *See* Ohio Rev. Code § 1345.01 et seq.
[16] Doc. 1-3 at 6-8.
[17] *Id.* at 6.
[18] Doc. 1.
[19] Doc. 16.
[20] Doc. 21.
[21] *E.g.*, Doc. 23 (Defendant Visionworks's motion for judgment on the pleadings).
[22] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

-3-

Case No. 1:14-CV-01641
Gwin, J.

filed in a state court to a United States district court having original jurisdiction over the action.[23] But for a district court to have original jurisdiction, the strictures of Article III, including standing, must be satisfied. "Removal statutes are strictly construed with all doubts resolved against removal."[24] This rule both shows respect for state sovereignty[25] and minimizes the risk of the parties having to litigate the case in state court anew if a final judgment in federal court is vacated for lack of jurisdiction.

A federal court has "an independent obligation to investigate and police the boundaries of [its] own jurisdiction."[26] This is the case even where the parties have ignored the issue completely or attempted to consent to the lack of jurisdiction because "subject-matter jurisdiction . . . can never be forfeited or waived."[27] For this reason, the Court must consider all jurisdictional problems, not just those raised in Plaintiff Graiser's motion to remand.

In general, Article III standing requires (1) an injury in fact (2) caused by the defendant that (3) can be redressed by a favorable resolution of the suit.[28] Plaintiffs seeking injunctions must show that they are "likely to suffer future injury" in order to establish standing.[29] The mere fact of a past injury does not necessarily establish the required likelihood of future harm.[30] And the future injury

---

[23] 28 U.S.C. § 1441(a).
[24] *Sollitt v. KeyCorp*, 463 F. App'x 471, 473 (6th Cir. 2012) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).
[25] *Syngenta*, 537 U.S. at 32.
[26] *Heartwood, Inc. v. Agpaoa*, 628 F.3d 261, 266 (6th Cir. 2010) (internal quotation marks and citation omitted).
[27] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).
[28] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).
[29] *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983).
[30] *Id.*

Case No. 1:14-CV-01641
Gwin, J.

in question must not be "conjectural" or "hypothetical."[31] In the context of a putative class action, at least one named plaintiff must have standing.[32]

### III. Analysis

As an initial matter, the Court agrees with Defendant Visionworks that *Neuman* does not control this case. In *Neuman*, as in this case, a plaintiff sought to bring an injunction-only class action lawsuit for violation of Ohio consumer protection law. She lacked standing to do so in federal court, however, because she had effectively disclaimed any intention of purchasing the product again. Given that disclaimer, any deceptive advertising of the product would not have harmed her in the future. By contrast, Plaintiff Graiser has made no such disclaimer in this case.

That does not, however, end the Article III standing inquiry. Federal courts are courts of limited subject matter jurisdiction, and because the alleged future harm must not be "conjectural" or "hypothetical,"[33] the Court must examine the particular claims brought by Plaintiff Graiser. On the facts of this case, the injunction Graiser seeks would not remedy or prevent any cognizable future harm to him.

It is true that in some cases, a consumer not at risk of being deceived by an advertising campaign might nonetheless have standing to seek to enjoin it as unlawfully deceptive. For example, consider a consumer who purchases a food product that was deceptively advertised as being organic and who prefers the product for other reasons anyway (e.g., he likes how it tastes). Even if that consumer knows that the "organic" claim is deceptive, it could still harm him by allowing the

---

[31]*Id.* at 102 (internal quotation marks and citations omitted).

[32]*Warth v. Seldin*, 422 U.S. 490, 502 (1975) ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

[33]*Lyons*, 461 U.S. at 102 (internal quotation marks and citations omitted).

Case No. 1:14-CV-01641
Gwin, J.

producer to sell at a higher price–a price the consumer will pay because he still wants the product for reasons unrelated to the deceptive claim. This sort of analysis may well provide Article III standing to many false advertising claims where (1) the allegedly false claim is one about the product itself, rather than the terms of purchase and (2) the plaintiff intends to buy the product again.

By contrast, on the particular facts of this case, it does not appear that an injunction would remedy any cognizable future harm to Plaintiff Graiser. Graiser's complaint charges that Defendant Visionworks falsely claimed to be offering a buy one get one deal, but in fact would allow customers to purchase a single pair of glasses for a lower price, as in fact he did, and that to the extent Visionworks noted limitations on this deal, it did so insufficiently conspicuously under the Ohio Administrative Code.[34/] Although there may be several ways to try to show a likelihood of future harm that a favorable decision could redress, none pass muster.

One route would be through an argument similar to the organic food example above. If Visionworks's advertising campaign allowed it to charge a higher price for the single pair of glasses without the free pair attached, Graiser would likely have Article III standing. But it is far from clear that the buy one get one advertising campaign has any effect at all on the price of a single pair, let alone which direction such an effect would push. Since the harms for a standing inquiry must not be "hypothetical or speculative," this theory cannot support standing.

A second argument would be that mere exposure to false advertising constitutes a harm for Article III standing purposes. But this would prove too much. It would give standing to seek an injunction to anybody who merely walks by the store and sees the sign, even if they have no intent of ever purchasing glasses. Such a rule would not guarantee the concrete adverseness that Article

---

[34/] Doc. 1-3.

-6-

Case No. 1:14-CV-01641
Gwin, J.

III standing requirements are meant to ensure. Indeed, this argument is almost certainly inconsistent with *Neuman*. The plaintiff there will still likely see the allegedly false claims in various magazines or when she goes to stores to buy other makeup products.

Finally, the third route, and the one that comes closest to succeeding, would be that under Ohio law, Visionworks's buy one get one free advertising campaign compelled it to offer a free pair of glasses when one was purchased at the lower price that Graiser paid. As noted above, this harm cannot rest merely on the existence of the allegedly misleading campaign. Rather, it must rest solely on Graiser's inability to receive two pairs of glasses at the lower price.

But even if Graiser's interpretation of Ohio law is correct, Visionworks is under no obligation to sell two pairs of glasses at the lower price unless it continues its buy one get one free campaign and continues to offer a single pair at the cheaper price. Accordingly, an unconditional injunction requiring Visionworks to offer two pairs of glasses at the lower price would be improper. Even if Graiser is correct, therefore, an injunction would only forbid Visionworks from continuing its buy one get one free campaign while refusing to sell two pairs of glasses at a lower price offered for a single pair.

Such an injunction would have virtually no chance of remedying Graiser's harm. Visionworks might respond in any number of ways, such as by discontinuing the buy one get one free campaign altogether, by changing it to a permissible volume discount (e.g., 1 pair for $200, 2 pairs for $350), or by continuing the promotion and directing its sales staff not to offer single pairs for a lower price. But Visionworks would certainly not begin offering two pairs of glasses for the discounted price.

Thus, at most, Graiser could obtain an injunction preventing his future exposure to the

-7-

Case No. 1:14-CV-01641
Gwin, J.

allegedly deceptive advertising.  But that injury is not cognizable for purposes of Article III standing.  Because no injunction Graiser could obtain would prevent a future injury cognizable under Article III, he lacks standing to pursue his injunction-only claim in federal court.  This conclusion is further bolstered by the need to strictly construe removal statutes and resolve all doubts against removal jurisdiction.[35]

Finally, although Graiser also says that members of his putative class may continue to be deceived,[36] a named plaintiff's standing to seek an injunction cannot rest on the likelihood of future harm to unnamed class members.[37]

It is worth noting that this conclusion does not foreclose all relief, or indeed, any relief at all.  Although they have been specifically disclaimed in this case, claims for damages could be viable in federal court if sufficient amounts were in controversy.  And because state courts are not bound by Article III's strictures, the injunction claim itself may still be viable in state court after remand.

### IV. Conclusion

For the reasons set forth above, the Court **REMANDS** this case to the Court of Common Pleas of Cuyahoga County.

IT IS SO ORDERED.

Dated: January 20, 2015                                  s/       *James S. Gwin*
                                                         JAMES S. GWIN
                                                         UNITED STATES DISTRICT JUDGE

---

[35] *See Sollitt v. KeyCorp*, 463 F. App'x 471, 473 (6th Cir. 2012) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002)).

[36] Doc. 1-3 at 6-8.

[37] *See Warth*, 422 U.S. at 502 ("Petitioners must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.").

-8-